IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SIMIKO SMITH** | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT FOR VIOLATION |
| | ) | OF CIVIL RIGHTS |
| CITY OF CHICAGO, Chicago Police Detectives | ) | FILED: MAY 16, 2008 |
| Patrick Golden, Star No. 20222, K.M.. Gary, | ) | 08CV2868    JH |
| Star No. 20044, and Chicago Police Officers | ) | JUDGE PALLMEYER |
| K.J. Bor, Star No. 20533, D.W. Hill, Star No. 21426, | ) | MAGISTRATE JUDGE COX |
| and R. Phillips, Star No. 19733, | ) | |
| | ) | |
| Defendants, | ) | JURY DEMANDED |

Plaintiff alleges:

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3.      At all times herein mentioned, plaintiff SIMIKO SMITH was and is a citizen of the United States, and was within the jurisdiction of this court.

4.      At all times herein mentioned defendant Chicago Police Detective Patrick Golden, Star No. 20222, ("GOLDEN") was employed by the Chicago Police Department, and

1

was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned defendant Chicago Police Detective K.M. Gary, Star No. 20044, ("GARY") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned defendant Chicago Police Officer K.J. Bor, Star No. 20533, ("BOR") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned defendant Chicago Police Officer D.W. Hill, Star No. 21426, ("HILL") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned defendant Chicago Police Officer R. Phillips, Star No. 19733, ("PHILLIPS") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

10. On or about February 19, 2007, Plaintiff was lawfully in her own residence, in the City of Chicago, County of Cook, State of Illinois.

11. On that day and place defendants Golden, Gary, Bor, and Hill, entered plaintiff's residence.

12. Defendants Golden, Gary, Bor, and Hill did not have the permission or consent of plaintiff to enter her residence.

13. Defendants Golden, Gary, Bor, and Hill did not have a search warrant authorizing them to enter or search plaintiff's residence.

14. Defendants Golden, Gary, Bor, and Hill did not have any legal cause to enter plaintiff's residence.

15. After entering plaintiff's residence defendants Golden, Gary, Bor, and Hill conducted a search of plaintiff's residence.

16. There was no legal cause for defendants Golden, Gary, Bor, and Hill to search plaintiff's residence.

17. Defendants Golden, Gary, Bor, and Hill did not have plaintiff's permission or consent to search plaintiff's residence.

18. After entering plaintiff's residence defendants Golden, Gary, Bor, and Hill seized plaintiff.

19. Plaintiff did not consent to being seized.

20. There was no outstanding arrest warrant for plaintiff.

21. There was no legal cause to seize plaintiff.

22. During and after the seizure defendants Golden, Gary and Phillips used force against plaintiff.

3

23. There was no legal cause for Golden, Gary, or Phillips to use force against plaintiff.

24. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

25. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Golden, Gary, Bor, and Hill for
### UNREASONABLE SEIZURE

27. Plaintiff hereby incorporates and realleges Paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. By reason of the conduct by Golden, Gary, Bor, and Hall Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner: the seizure of Plaintiff was

without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Golden, Gary, and Phillips for
### EXCESSIVE FORCE

30. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

31. During and after plaintiff's seizure defendants used excessive force against plaintiff's person.

32. There was no legal cause for defendants to use force against plaintiff.

33. By reason of defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

35. The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs against Defendants Golden, Gary, Bor, and Hill for
### Unconstitutional Search

36. Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

37. By reason of the defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

38. The arbitrary intrusion by defendants, into the security and privacy of plaintiffs' residence was in violation of plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the plaintiffs' rights in the following manner: The forcible entry and search of plaintiffs' apartment without consent, a search warrant, or other legal cause. These acts were in violation of the plaintiffs' Fourth Amendment rights. Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT IV

**Plaintiff Against defendants Golden, Gary, Bor, Hill and the CITY OF CHICAGO For The State Supplemental Claim Of Malicious Prosecution**

39. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

40. Defendants Golden, Gary, Bor, and Hill caused a criminal prosecution to commence against the plaintiff.

41. Defendants Golden, Gary, Bor, and/or Hill, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable cause for the institution of these proceedings. As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

42. Defendants Golden, Gary, Bor, and/or Hill facilitated this malicious prosecution by the creation of false evidence, by giving false police reports and/or preparing and signing false criminal complaints.

43. The criminal proceedings were terminated in the plaintiffs' favor on or after May 21, 2007.

44. The CITY OF CHICAGO is liable to plaintiff for the acts of Golden, Gary, Bor and/or Hill pursuant to the doctrine of *respondeat superior*.

45. Therefore, defendants Golden, Gary, Bor, Hill, and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s/Garrett Browne
Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:/s/Garrett Browne
Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com