## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SIMIKO SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 2868 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | |
| Detectives Patrick Golden, Star No. 20222 | ) | |
| K. M. Gary, Star No. 20044, and | ) | Judge Pallmeyer |
| Chicago Police Officers K. J. Bor, Star No. | ) | |
| 20533, D. W. Hill, Star No. 21426, and | ) | Magistrate Judge Cox |
| R. Phillips, Star No. 19733 | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel for the City of Chicago, and Individual Defendants Patrick Golden ("Detective Golden"), Kellee Gary ("Detective Gary"), Kevin Bor ("Detective Bor"), Donald Hill ("Detective Hill"), and Rose Ann Phillips ("Officer Phillips"), (the "Individual Defendants"), by and through one of their attorneys, Christopher Allen Wallace, Assistant Corporation Counsel of the City of Chicago, (collectively referred to hereinafter as "Defendants"), respectfully submit the following joint answer to plaintiff's complaint, affirmative defenses and jury demand.

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

**ANSWER:**     **Defendants admit that plaintiff purports to bring her claim pursuant to 42 U.S.C. § 1983 but deny violating any of plaintiff's rights as secured by the United States**

Constitution and deny the complained of conduct.  Answering further, Defendants admit

that jurisdiction is proper in this Court.

      2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

      **ANSWER:**      **Defendants admit that venue is proper in this Court.**

### PARTIES

      3.      At all times herein mentioned, SIMIKO SMITH was and now is a citizen of the United States, and was within the jurisdiction of this court.

      **ANSWER:**      **Defendants admit the allegations set forth in this paragraph.**

      4.      At all times herein mentioned, defendant Chicago Police Detective Patrick Golden, Star No. 20222, ("GOLDEN") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

      **ANSWER:**      **Defendants admit the allegations set forth in this paragraph.**

      5.      At all times herein mentioned, defendant Chicago Police Detective K. M. Gary, Star No.20044, ("GARY") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

      **ANSWER:**      **Defendants admit the allegations set forth in this paragraph.**

      6.      At all times herein mentioned, defendant Chicago Police Officer K. J. Bor, Star No. 20533, ("BOR") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

      **ANSWER:**      **Defendants admit the allegations set forth in this paragraph.**

      7.      At all times herein mentioned, defendant Chicago Police Officer, D. W. Hill, Star No. 21426, ("HILL") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in their individual capacity.

      **ANSWER:**      **Defendants admit the allegations set forth in this paragraph.**

      8.      At all times herein mentioned, defendant Chicago Police Officer, R. Phillips, Star No. 19733, ("PHILLIPS") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:**    **Defendants admit the allegations set forth in this paragraph.**

9.     At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:**    **Defendants admit the allegations set forth in this paragraph.**

## FACTUAL ALLEGATIONS

10.     On or about February 19, 2007, Plaintiff was lawfully in her own residence, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill admit that they entered a residence where Plaintiff was located on February 19, 2007 but lack knowledge and information sufficient to form a belief as to the allegation in so far as it relates to ownership of the residence and deny any complained of conduct.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

11.     On that day and place defendants Golden, Gary, Boar, and Hill, entered plaintiff's residence.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill admit that they entered the residence where plaintiff was located but lack knowledge or information sufficient to admit or deny the allegation in so far as it relates to ownership of the residence and deny any complained of conduct.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

12.     Defendants Golden, Gary, Bor, and Hill did not have the permission or consent of plaintiff to enter her residence.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph and deny any complained**

of conduct.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.

13.    Defendants Golden, Gary, Bor, and Hill did not have a search warrant authorizing them to enter or search plaintiff's residence.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill admit the allegations set forth in this paragraph but deny any complained of conduct.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

14.    Defendants Golden, Gary, Bor, and Hill did not have any legal cause to enter plaintiff's residence.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph and deny any complained of conduct.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

15.    After entering plaintiff's residence defendants Golden, Gary, Bor, and Hill conducted a search of plaintiff's residence.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill admit that they entered Plaintiff's residence and began to look for an individual by the name of Daryl Smith but deny any complained of conduct and deny all remaining allegations set forth in this paragraph.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

16.    There was no legal cause for defendants Golden, Gary, Bor, and Hill to search plaintiff's residence.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph and deny any complained**

of conduct.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.

17.    Defendants Golden, Gary, Bor, and Hill did not have plaintiff's permission or consent to search plaintiff's residence.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph and deny any complained of conduct.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

18.    After entering plaintiff's residence defendants Golden, Gary, Bor, and Hill seized plaintiff.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill admit that at some point plaintiff was seized but deny any complained of conduct and deny all remaining allegations set forth in this paragraph.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

19.    Plaintiff did not consent to being seized.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill admit the allegations set forth in this paragraph but deny that such consent is necessary and deny any complained of conduct and deny all remaining allegations set forth in this paragraph.  Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

20.    There was no outstanding arrest warrant for plaintiff.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill admit the allegations set forth in this paragraph but deny any**

complained of conduct. Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.

21.     There was no legal cause to seize plaintiff.

**ANSWER:**     **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph and deny any complained of conduct. Officer Phillips is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph.**

22.     During and after the seizure defendants Golden, Gary and Phillips used force against plaintiff.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph and deny any complained of conduct.**

23.     There was no legal cause for Golden, Gary, or Phillips to use force against plaintiff.

**ANSWER:**     **Defendants deny the complained of conduct and deny all remaining allegations set forth in this paragraph**

24.     By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to her damage in an amount to be ascertained.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph and deny any complained of conduct.**

25.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff=s rights, and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph and deny any complained of conduct.**

26.     By reason of the above-described acts and omissions of defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to her in the within action so that she might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum of attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

**ANSWER:**    **Defendants deny the allegations set forth in this paragraph and deny any complained of conduct.**

## COUNT I
### Plaintiff Against Golden, Gary, Bor, and Hill for
### UNREASONABLE SEIZURE

***As Count I is not directed toward Officer Phillips, she makes no answer to it.***

27.    Plaintiff incorporates and alleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill reassert their answers contained in the preceding paragraphs one through twenty-six and incorporate their answers herein, as though fully stated.**

28.    By reason of the conduct by Golden, Gary, Bor, and Hill Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.**

29.    The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorize by law.  The Defendant violated the Plaintiff's rights in the following manner, the seizure of Plaintiff was without any legal cause.  The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff=s rights.  Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.**


***WHEREFORE, City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill request this Court enter judgment in their favor as to Count I and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court***

*deems just and proper.*


## COUNT II
### Plaintiff Against Golden, Gary, and Phillips for
### EXCESSIVE FORCE


30.    Plaintiff incorporates and alleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

**ANSWER:**    **Defendants reassert their answers contained in the preceding**

**paragraphs one through twenty-six and incorporate their answers herein, as though fully**

**stated.**

31.    During and after plaintiff's seizure defendants used excessive force against plaintiff's person.

**ANSWER:**    **Defendants deny the complained of conduct and deny the**

**allegations set forth in this paragraph.**

32.    There was no legal cause for defendants use force against plaintiff.

**ANSWER:**    **Defendants deny the complained of conduct and deny the**

**allegations set forth in this paragraph.**

33.    By reason of defendants' conduct plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    **Defendants deny the complained of conduct and deny the**

**allegations set forth in this paragraph.**

35.    The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights.  Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:**    **Defendants deny the complained of conduct and deny the**

**allegations set forth in this paragraph.**

*WHEREFORE, Defendants request this Court enter judgment in their favor as to*

*Count II and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.*

## COUNT III
### Plaintiffs Against Golden, Gary, Bor, and Hill for
### Unconstitutional Search

*As Count III is not directed toward Officer Phillips, she makes no answer to it.*

36.      Plaintiff incorporates and alleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

**ANSWER:**        **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill reassert their answers contained in the preceding paragraphs one through twenty-six and incorporate their answers herein, as though fully stated.**

37.      By reason of defendants' conduct plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**        **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.**

38.      The arbitrary intrusion by defendant, into the security and privacy of plaintiffs' residence was in violation of plaintiffs' Constitutional Rights and not authorize law.  The defendants violated the plaintiffs' rights in the following manner.  The forcible entry and search of plaintiffs' apartment without consent, a search warrant, or other legal cause.  These acts were in violation of the plaintiffs' Fourth Amendment rights.  Therefore, the defendants, and each of them, in their individual capacity are liable to plaintiffs pursuant to 42 U.S.C. § 1983.

**ANSWER:**        **City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.**

*WHEREFORE, City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill request this Court enter judgment in their favor as to Count III and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this*

*Court deems just and proper.*

## COUNT IV
**Plaintiff Against defendants Golden, Gary, Bor, Hill and the CITY OF CHICAGO
For The State Supplemental Claim Of Malicious Prosecution**

*As Count IV is not directed toward Officer Phillips, she makes no answer to it.*

39.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through twenty-six (26) here at as though fully alleged at this place.

**ANSWER:    City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill reassert their answers contained in the preceding paragraphs one through twenty-six and incorporate their answers herein, as though fully stated.**

40.    Defendants Golden, Gary, Bor, and Hill caused a criminal prosecution to commence against the plaintiff.

**ANSWER:    City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.**

41.    Defendants Golden, Gary, Bor, and/or Hill, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against the plaintiff without probable cause for the institution of these proceedings.  As a result, plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:    City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.**

42.    Defendants Golden, Gary, Bor, and/or Hill facilitated this malicious prosecution by the creation of false evidence, by giving false police reports and/or preparing and signing false criminal complaints.

**ANSWER:    City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.**

43.    The criminal proceedings were terminated in the plaintiff's favor on or after May 21, 2007.

**ANSWER:**    City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.

44.    The CITY OF CHICAGO is liable to plaintiff for the acts of Golden, Gary, Bor and/or Hill pursuant to the doctrine of respondeat superior.

**ANSWER:**    City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny that plaintiff has correctly, accurately or completely stated the nature of the City's liability under Illinois law, if any.

45.    Therefore, defendants Golden, Gary, Bor, Hill, and the CITY OF CHICAGO are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER:**    City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill deny the allegations set forth in this paragraph.

*WHEREFORE, City of Chicago, Detective Golden, Detective Gary, Detective Bor and Detective Hill request this Court enter judgment in their favor as to Count IV and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.*

## AFFIRMATIVE DEFENSES

1.    The Individual Defendants are entitled to qualified immunity.  They are governmental officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these police officers could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed.

2.      Under Section 201 of the Local Government and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Individual Defendants are not liable for injuries arising out of the exercise of discretionary acts.  745 ILCS 10/2-201 (2004).

3.      Under Section 202 of the Tort Immunity Act, the Individual Defendants are not liable for injuries claimed in Plaintiff's state law claims because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2004).  The Individual Defendants were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

4.      Under Section 204 of the Tort Immunity Act, the Individual Defendants are not liable for injuries claimed under Plaintiff's state law claims because they are not liable for injuries caused by the acts or omission of other persons.  735 ILCS 10/2-204 (2004).

5.      Under Section 208 of the Tort Immunity Act, the Individual Defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208 (2004).

6.      Under Section 109 of the Tort Immunity Act, the City of Chicago is not liable to Plaintiff if its employees are not liable to plaintiff.  745 ILCS 10/2-109 (2004).

7.      Under Section 102 of the Tort Immunity Act, the City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102 (2004).

8.      Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries

and damages.  In addition, at the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to her contributory negligence and bars her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

9.      To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

10.     Plaintiff is barred from seeking relief for any complained of conduct by the doctrine of estoppel and laches.


## JURY DEMAND

Defendants request trial by jury for all issues so triable.


DATED:  September 5, 2008



Respectfully submitted,


City of Chicago
Mara S. Georges
Corporation Counsel

By:  /s/ Christopher A. Wallace
        Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Defendant City of Chicago*

City of Chicago Department of Law
30 N. LaSalle Street
Suite 1400

Patrick Golden
Kellee Gary
Kevin Bor
Donald Hill
Rose Ann Phillips

By:  /s/ Christopher A. Wallace
        Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Individual Defendants*

City of Chicago Department of Law

Chicago, Illinois 60602                 Individual Defense Litigation Division
T: (312) 742-6408                       30 N. LaSalle Street
F: (312) 744-6566                       Suite 1400
ARDC # 6278655                          Chicago, Illinois 60602
                                        T: (312) 742-6408
                                        F: (312) 744-6566
                                        ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on September 5, 2008, I caused a copy of the foregoing Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the Court's ECF system.

/s/ *Christopher Wallace*
Christopher Wallace